■ CAROL H. GRIECO, as Executrix of JOHN P. GRIECO, Deceased, Appellant-Respondent, v KALEIDA HEALTH et al., Respondents-Appellants, and THOMAS J. CUMBO, M.D., Respondent. [919 NYS2d 443]—

Memorandum: Plaintiff, as executrix of the estate of her husband (decedent), commenced this action seeking damages for, inter alia, the alleged medical malpractice on the part of defendants in the care and treatment of decedent. Supreme Court granted in part the motion of defendants Janierio D. Aldridge, M.D., Buffalo Thoracic Surgical Associates, P.C., Ian M. Brown, R.P.A.C., Tammy B. Ervolina, R.P.A.C. and Robert J. Gambino, R.P.A.C., as well as the motion of defendant Thomas J. Cumbo, M.D. and the cross motion of defendant Kaleida Health, seeking, inter alia, to compel plaintiff to execute medical authorizations compliant with the Health Insurance Portability and Ac-

countability Act of 1996 (42 USC § 1320d *et seq.*) permitting defendants to interview decedent's treating physicians with respect to the medical information relevant to this case (*see generally Arons v Jutkowitz*, 9 NY3d 393, 409, 415 [2007]). We affirm. Contrary to the contention of plaintiff, the court properly directed her to attach to the authorizations "a list of the allegations of negligence set forth in [her] bill of particulars" inasmuch as such information limits the scope of disclosure to only those medical conditions relevant thereto (*see generally id.* at 410). Further, the standardized form that the court directed plaintiff to use for the authorizations clearly states that the physician to be interviewed is permitted to discuss only the listed medical conditions, that the purpose of the interview is to assist defendants, that it is not at the request of plaintiff and that, despite plaintiff's authorization, the physician is free to decline defendants' request for an interview. Present—Scudder, P.J., Centra, Sconiers, Gorski and Martoche, JJ.