Sky v Catholic Charities of Buffalo, NY (2021 NY Slip Op 02935)





Sky v Catholic Charities of Buffalo, NY


2021 NY Slip Op 02935


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


443 CA 20-00583

[*1]JENNIFER SKY, PLAINTIFF-APPELLANT, ET AL., PLAINTIFF,
v
CATHOLIC CHARITIES OF BUFFALO, NY, DOING BUSINESS AS MONSIGNOR CARR INSTITUTE CHILDREN'S CLINIC, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






JOHN J. DELMONTE, NIAGARA FALLS, FOR PLAINTIFF-APPELLANT. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (NICHOLAS M. HRICZKO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 3, 2020. The order granted in part the motion of defendant Catholic Charities of Buffalo, NY, doing business as Monsignor Carr Institute Children's Clinic, seeking, inter alia, to compel plaintiff Jennifer Sky to provide a speaking authorization. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries Jennifer Sky (plaintiff) allegedly sustained in a slip and fall accident on the premises of Catholic Charities of Buffalo, NY, doing business as Monsignor Carr Institute Children's Clinic (defendant). Supreme Court granted in part the motion of defendant seeking, inter alia, to compel plaintiff to execute a medical authorization compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d et seq.) permitting defendant to interview plaintiff's treating surgeon with respect to medical information relevant to this case (see generally Arons v Jutkowitz, 9 NY3d 393, 409, 415 [2007]). Plaintiff appeals, and we affirm.
Contrary to plaintiff's contention, we conclude that the court did not abuse its discretion by directing plaintiff to execute the standardized authorization form as modified and by rejecting most of plaintiff's proposed alterations and an addendum to the authorization form (see Grieco v Kaleida Health, 82 AD3d 1671, 1672 [4th Dept 2011]; see generally Arons, 9 NY3d at 415-416; Sims v Reyes, — AD3d &mdash, — [May 7, 2021] [4th Dept 2021] [decided herewith]). We note that plaintiff's proposed alterations and addendum, to the extent not adopted by the court, are largely redundant to the standardized form, which "clearly states that the [surgeon] to be interviewed is permitted to discuss only the listed medical conditions, that the purpose of the interview is to assist defendant[], that it is not at the request of plaintiff and that, despite plaintiff's authorization, the [surgeon] is free to decline defendant['s] request for an interview" (Grieco, 82 AD3d at 1672). Plaintiff failed to preserve for our review her further challenge to the authorization directed by the court inasmuch as she failed to oppose the motion to compel on the ground now raised on appeal (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 89 [2019]; Howard Rosengarten, P.C. v Hott, 49 AD3d 328, 328-329 [1st Dept 2008]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court